# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

MAURICE ROSE,               )
                             )
       Movant,          )
v.                      )    Case No. 4:20-cv-00834-SEP
                             )
UNITED STATES OF AMERICA,   )
                             )
       Defendant.      )

### MEMORANDUM AND ORDER

Before the Court is Movant Maurice Rose's Motion to Vacate Conviction Under 28 U.S.C. § 2255.  Doc. [1].  For the reasons set forth below, the motion is denied.

#### FACTS AND BACKGROUND

Movant Maurice Rose attempted to kill a government witness who was set to testify against one of his criminal associates.  *United States v. Rose*, 362 F.3d 1059, 1060 (8th Cir. 2004).  He tracked the witness down and shot him several times in the back.  *Id*. at 1061-62. Despite his severe wounds, the witness recovered and identified Mr. Rose as the shooter.  *Id*. at 1062-63.

A federal grand jury charged Mr. Rose with:  (1) attempting to kill a person with the intent to prevent testimony in an official proceeding, *see* 18 U.S.C. § 1512(a)(1)(A), and (2) using a firearm in relation to the attempted killing, *see id.* § 924(c).  *United States v. Mahasin*, No. 4:02-cr-00004 (E.D. Mo. July 11, 2002), Doc. [42].  A jury convicted Mr. Rose of those offenses, and this Court sentenced him to 330 months in prison.  *Id*. at Docs. [126], [158], [159]. Mr. Rose appealed, and the Eighth Circuit affirmed.  *Rose*, 362 F.3d at 1068.  Mr. Rose has made prior attempts to obtain post-conviction relief, which have been unsuccessful.  *Rose v. United States*, No. 4:16-cv-00971 (E.D. Mo. May 9, 2017), Doc. [4]; *Rose v. United States*, No. 4:05-cv-00574 (E.D. Mo. Aug. 25, 2008), Doc. [16].

Mr. Rose now challenges the validity of his 18 U.S.C. § 924(c) conviction based on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).  The Eighth Circuit authorized Mr. Rose to bring this successive motion.  *Mahasin*, No. 4:02-cr-00004, at Doc. [227].  The United States has responded to both the initial motion and a supplement thereto, Doc. [8].  *See* Docs. [5], [13].

### LEGAL STANDARD

A federal prisoner "may move the court which imposed the sentence" for relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  To obtain relief under § 2255, the movant must prove that the violation constituted "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

### DISCUSSION

## I.  __Mr. Rose's conviction under 18 U.S.C. § 924(c) is lawful.__

In his sole argument for relief, Mr. Rose argues that *Davis* undermines his conviction for using a firearm in relation to a crime of violence.  *See* Doc. [1].  Section 924(c) of Title 18 of the United States Code prohibits the use or carrying of a firearm in relation to a "crime of violence."  The statute defines "crime of violence" as a felony that either:  (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A) (elements clause); or (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," *id.* § 924(c)(3)(B) (residual clause).  In *Davis*, the Supreme Court struck down the residual clause as unconstitutionally vague.  139 S. Ct. at 2336.  *Davis* did not affect § 924(c)'s elements clause.  Thus, the Court must determine whether Mr. Rose's conviction for attempting to kill a person with the intent to prevent testimony in an official proceeding qualifies as a crime of violence under the elements clause.  If it does not, then Mr. Rose's conviction under § 924(c) cannot stand.

To decide whether an offense qualifies as a crime of violence, the Court first determines whether the statute violated is divisible or indivisible, i.e., whether it encompasses multiple crimes or sets out the elements of a single crime.  *United States v. Peeples*, 879 F.3d 282, 286 (8th Cir. 2018).  If the statutory section or subsection "list[s] elements in the alternative, and thereby define[s] multiple crimes," it is divisible.  *Mathis v. United States*, 579 U.S. 500, 505 (2016).  The witness tampering statute prohibits various kinds of conduct, including killing and attempted killing, 18 U.S.C. § 1512(a)(1); using physical force or the threat thereof, *id.* § 1512(a)(2); intimidating and threatening, *id*. § 1512(b); altering or destroying records or

documents, *id*. § 1512(c)(1); and intentionally harassing another person, *id*. § 1512(d).  The subsections within § 1512 are also divisible.  For example, "Section 1512(a)(1) criminalizes witness tampering by 'kill[ing] or attempt[ing] to kill another person,' which are two discrete offenses that require proving different elements and carry different punishments." *Dorsey v. United States*, 76 F.4th 1277, 1282 (9th Cir. 2023) (quoting 18 U.S.C. § 1512(a)(1)).  Because the statute is divisible, the Court applies a "modified categorical approach" to determine whether the crime committed by Mr. Rose was a crime of violence.  *Peeples*, 879 F.3d at 286 (quoting *Rice*, 813 F.3d at 705); *see also Dorsey*, 76 F.4th at 1282 (finding that § 1512 is divisible and applying the modified categorical approach).

Under the modified categorical approach, the Court "looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 579 U.S. at 505–06; *see also Rice*, 813 F.3d at 705.  The judgment from Movant's criminal trial shows that he was convicted of violating § 1512(a)(1)'s prohibition on attempting to kill any person with intent to prevent attendance or testimony in an official proceeding.  *See United States v. Mahasin*, No. 4:02-cr-00004 (E.D. Mo. July 11, 2002), Doc. [158] at 1.  The question before the Court is whether that crime "requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022).

The Court concludes that "attempting to kill another person in violation of § 1512(a)(1) is a crime of violence under § 924(c)(3)(A)." *Dorsey*, 76 F.4th at 1283; *see also United States v. States*, 72 F.4th 778, 787-91 (7th Cir. 2023) (attempted murder of a federal officer under 18 U.S.C. § 1951 is a crime of violence); *Alvarado-Linares v. United States*, 44 F.4th 1334, 1346 (11th Cir. 2022) (attempted murder under 18 U.S.C. § 1959 is a crime of violence).  When considering Iowa's attempted murder statute, the Eighth Circuit found that "an attempt to cause death would also require the use or attempted use of force," because it would "be impossible to cause death without force." *Peeples*, 879 F.3d at 287.  The same reasoning applies here.  Under federal law, criminal attempt requires intent to commit the completed offense, plus a "substantial step" toward completing the offense. *United States v. Resendiz-Ponce*, 549 U.S. 102, 106-07 (2007).  Thus, "every defendant convicted of [attempting to kill a person with the intent to prevent testimony in an official proceeding] must have had the intent to kill someone and to have

3

completed a substantial step towards that goal." *Alvarado-Linares*, 44 F.4th at 1346.  Mr. Rose's attempt to kill a government witness, then, constituted an attempted use of physical force.

The Supreme Court's decision in *Taylor* does not alter that conclusion, for the reasons outlined by the Eleventh Circuit in *Alvarado-Linares*:

> There [i.e., in *Taylor*], the Supreme Court held that a conviction for attempted Hobbs Act robbery did not qualify as a crime of violence under Section 924(c)'s elements clause.  [*Taylor*,] 142 S. Ct. at 2020-21.  One element of completed Hobbs Act robbery is that a defendant take property "by means of actual or threatened force."  18 U.S.C. § 1951(b).  Because a completed Hobbs Act robbery can be committed by threat, the government may win a conviction for attempted Hobbs Act robbery by proving that a defendant *attempted to threaten* someone.  Although the elements clause covers the use of force, the attempt to use force, and the threat to use force, it does not cover *attempts to threaten* the use of force.  Accordingly, the Supreme Court reasoned that a conviction for attempted Hobbs Act robbery falls outside the elements clause.  *Taylor*, 142 S. Ct. at 2021.

44 F.4th at 1346 (footnote omitted).  Like the Eleventh Circuit, this Court interprets *Taylor* to hold that "where a crime may be committed by the threatened use of force, an attempt to commit that crime—*i.e.*, an attempt to threaten—falls outside the elements clause."  *Id.*  But, also like the Eleventh Circuit, the Court observes that "unlike Hobbs Act robbery, a criminal cannot [kill a person with intent to prevent attendance or testimony in an official proceeding] by threat."  *Id.*  Rather, "[t]o obtain a conviction for attempted killing under § 1512(a)(1), the government must establish that the defendant 'attempt[ed] to kill another person,'" not just attempted to threaten him.  *Dorsey*, 76 F.4th at 1283.

Relying on *Taylor*, Mr. Rose argues that attempted witness killing does not pass the categorical approach test because the substantial step element can be satisfied by acts that do not themselves involve the use, attempted use, or threatened use of physical force, like "following the contemplated victim of the crime" or "soliciting an innocent agent to engage in conduct constituting an element of the crime."  Doc. [8] at 4 (quoting Model Penal Code § 5.02).  He claims that, because those examples of substantial steps do not involve actual, attempted, or threatened use of force, a person could be convicted under § 1512(a)(1) without any use, attempted use, or threatened use of physical force.

The Court is not persuaded.  As the Ninth Circuit recently explained, "the holding in *Taylor* rests on a mismatch between § 924(c) and the specific elements of Hobbs Act robbery. That mismatch does not exist with respect to § 1512(a)(1)."  *Dorsey*, 76 F.4th at 1283.  The elements clause defines the "attempt" to use force against another person as a crime of

violence.  An "attempt" is a (1) substantial step plus (2) intent.  2 W. LaFave, Substantive
Criminal Law § 11.4; *see also* Model Penal Code § 5.01 (1985).  "Accordingly, when a crime
has as an element a substantial step plus intent to use force against another person, that crime has
as an element the "attempted use . . . of physical force against the person of another." *Alvarado-
Linares*, 44 F.4th at 1347 (quoting 18 U.S.C. § 924(c)(3)(A)).  Because a conviction for
attempting to kill a person with the intent to prevent testimony in an official proceeding requires
proof of a substantial step plus intent to use force, it qualifies as a crime of violence under
§ 924(c)(3)(A), and Mr. Rose's conviction is lawful.

## II.      The Court will issue a certificate of appealability.

A district judge may issue a certificate of appealability "only if the applicant has made a
substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  A petitioner
makes a substantial showing when the "issues are debatable among reasonable jurists, a court
could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*,
133 F.3d 565, 569 (8th Cir. 1997).  Post-*Taylor*, all the circuits that have considered whether
attempted murder is a crime of violence have agreed that it is.  *See* Dorsey, 76 F.4th at 1283
(Ninth Circuit); *Alvarado-Linares*, 44 F.4th at 1346-47 (Eleventh Circuit); *States*, 72 F.4th at
787-91 (Seventh Circuit); *United States v. Martin*, No. 22-5278, 2023 WL 2755656, at *7 (6th
Cir. Apr. 3, 2023).  But Petitioner Rose presents reasonable arguments based on the Supreme
Court's decision in *Taylor*, and the Eighth Circuit has not addressed the question.  Because the
issue is "debatable among reasonable jurists" and unresolved within the circuit, the Court will
issue a certificate of appealability on Petitioner's *Davis*/*Taylor* claim.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Maurice Rose's Motion to Vacate Conviction
Under 28 U.S.C. § 2255, Doc. [1], is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will issue a certificate of appealability in a
separate document.

A separate order of dismissal accompanies this Memorandum and Order.


Dated this 22nd day of September, 2023.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

5